# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO.  2:11CR-204 |
| v. | : | JUDGE FROST |
| ROBERT B. LEDBETTER, | : | |
| Defendant | : | |

___

### DEFENDANT ROBERT LEDBETTER'S SENTENCING MEMORANDUM
___

Defendant, Robert B. Ledbetter, hereby submits the following sentencing memorandum for this Court's review and consideration.

Sentencing is set for February 15, 2012 at 10:30 A.M.

Respectfully submitted,

/s/Jeffrey A. Berndt
Jeffrey A. Berndt (0005172)
Attorney for Defendant
575 South High Street
Columbus, Ohio 43215
(614) 280-9300

**MEMORANDUM IN SUPPORT**

A. PROCEDURAL HISTORY

On August 18, 2011, the Grand Jury for the Southern District of Ohio, Eastern Division, returned a one count indictment charging Robert Ledbetter with unlawfully possessing with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. Sections 841(a)(1),(b)(1)(B)(vii).

On October 25, 2011, Robert Ledbetter appeared in the United States District Court for the Southern District of Ohio, Eastern Division and pled guilty to the sole count of said indictment pursuant to a plea agreement.

A presentence investigation was ordered and this matter was scheduled for sentencing on February 15, 2012 at 10:30 A.M.

B. OBJECTIONS

There are no objections from Robert B. Ledbetter in regard to the presentence report.

C. CASE LAW APPLICABLE TO SENTENCING DECISION

In *United States v. Booker*, 125 8.Ct. 738 (2005), the Supreme Court found that the Sentencing Guidelines are but one of many factors for this Court to consider in determining an appropriate sentence. That means that the judge, at sentencing, is obligated to impose a sentence which is "sufficient but not greater than necessary" to achieve the broad social purposes of sentencing described in 18 U.S.C. §3553(a)(2). *Id*.

The factors in 18 U.S.C. §3553(a) include in pertinent part:

2

(a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(a) (2) the need for the sentence imposed-

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(a) (3) the kinds of sentences available;

(a) (4) the kinds of sentences and the sentencing range established for-

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(a) (5) any pertinent policy statement - . . .

(a) (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(a) (7) the need to provide restitution to any victims of the offense.

When judges factor into a sentence the best way to provide a defendant with needed rehabilitation, as required by §3553(a)(2)(D), they are at the same time required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a). After *Blakely* and *Booker*, a sentence must be "reasonable" - a "concept of flexible meaning, generally lacking precise boundaries." *United States v. Webb*, 403 F.3d 373 (6th

Cir. 2005).[1] Thus, reasonableness is when a judge considers the factors listed in 18 U.S.C. §3553(a) rather than simply selects what the judge deems an appropriate sentence without such required consideration. *Webb*, supra.

The *Booker* decision allows this Court to consider factors which the guidelines previously precluded a court from considering, such as a defendant's age, education and vocational skills, mental and emotional condition, physical condition, family ties and responsibilities, socioeconomic status and any other factors that make each human being and each case unique. *United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wis. 2005). See also, 18 U.S.C. §3661 that specifies that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In determining whether a sentence is minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider the several factors listed in §3553(a)(1-7).[2] The weight to be accorded each factor is a matter for the Court to determine in its sole discretion.[3] See, e.g., *United States v. Jaber*, 362 F. Supp. 2d 365,371 n.14 (D. Mass. March 16, 2005) citing *Ranum*, supra, at 985-986; *United States v. Huerta-Rodriguez*, 355 F.Supp.2d 1019, 1023 (D. Neb. Feb. 1, 2005)(sentencing court must consult and take guidelines into account but is not bound by them); *Booker*, supra, at 790 (Scalia, J., dissenting in part)(noting that "district courts have discretion to sentence anywhere within the ranges authorized by statute - much as they were

---

[1] If "reasonableness" were equated with a Guideline sentence, such a standard "would effectively reinstitute mandatory adherence to the Guidelines" that was condemned in *Blakely*. *Webb*, supra, citing *United States v. Crosby*, 397 F.3d 103, 115 (2d Cit. 2005).

[2] These directives often conflict with the kinds of sentences previously required by the guidelines, which in most cases offered little alternatives to prison, even though in some cases, a defendant's education, treatment or medical needs may be better served by a sentence which permits the offender to remain in the community.

[3] Many of the factors relevant to 18 U.S.C. §3553(a)(1-7) overlap with factors that are relevant to USSG determinations, including departures.

generally able to do before the Guidelines came into being.").

More recently, in the case of *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006), the Sixth Circuit addressed the current legal framework applicable to federal criminal sentencing which has evolved from the decision of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). The *McBride* Court held that while ritualistic incantation of the §3553(a) factors is not required, "the district court's opinion should be sufficiently detailed to reflect the considerations listed in §3553(a)." *Id*. at 474.

### D. FACTS RELEVANT TO SENTENCING DECISION

Robert Ledbetter is a 32 year old male black with a 12th grade education, along with further education achieved through the Ohio Department of Corrections.

Robert Ledbetter has one prior felony conviction from 1998 and an inconsequential criminal history otherwise.

Robert Ledbetter had a dysfunctional upbringing, to say the least. Both parents were addicted to crack cocaine.

Robert's mother was a prostitute and both parents sold drugs.

At age 7, he witnessed his father suffer a drug induced heart attack. At age 9, Robert witnessed a shooting inside his home which was brought about through his mother's criminal activity.

Robert was removed from the home based upon the foregoing by Children Services as well as the fact that the residence was unfit for habitation, including no food, gas or electricity.

Robert was then placed in a series of foster homes wherein he was physically abused.

Robert was adopted by Debra Bankston at the age of 15 and managed to graduate high

school, while internalizing his unresolved emotional distress from his childhood.

Robert does have two children for whom he has always provided both financial and emotional support.   The arrearage owed by Robert of $1403.21 has accrued during his incarceration.

After his release from prison in 2003, Robert began working at Victory Direct, a job Robert held until he was arrested on this case on May 24, 2011.

Robert worked steadily and actually gained custody of his oldest son and his siblings through Children's Services, in order to try to provide a better life for them.   In retrospect, the custodial responsibilities were probably beyond Robert's capabilities, regardless of his best intentions and efforts.

Robert is in good health, both mentally and physically.

Robert has abused substances, as expected from his upbringing, since he was 11 years old, alcohol and marijuana being his drugs of choice.

To his credit, Robert has submitted himself to three AA meetings per week while at the Franklin County Jail.   Both Robert and the undersigned agree that Robert would benefit greatly from treatment for substance abuse.

Robert also has an excellent support system in Debra Bankston, his adoptive mother and Tiffany Berry, the mother of his second child and a registered nurse.

It should be noted that Robert has fully accepted responsibility for his conduct herein.

Robert has expressed sincere remorse for his misconduct and recognizes the harm he has caused to himself, his family and to society at large.

The United States Probation Department properly calculates Robert Ledbetter's total offense level of 27, criminal history category II, for an advisory guideline sentencing range of

6

78-97 months, with a recommended sentence of 78 months, the minimum mandatory being 60 months.

It is the request of Robert Ledbetter that this Court vary downward slightly from the recommendation of the probation department in light of Robert's horrific upbringing; the fact that Robert had an exemplary work record since 2003 with one employer, Victory Direct; the fact that Robert has recognized his substance abuse problems and has taken steps to alleviate same through the attendance of meetings within the jail and the fact that Robert has shown signs of very responsible conduct in securing custody of his son and siblings and in furthering his education at every chance presented.

All consideration given to the above is greatly appreciated.

Respectfully submitted,

/s/Jeffrey A. Berndt
Jeffrey A. Berndt (0005172)
Attorney for Defendant
575 South High Street
Columbus, Ohio 43215
(614) 280-9300

**CERTIFICATE OF SERVICE**

A copy of the foregoing Sentencing Memorandum was served upon Tim Prichard, Assistant United States Attorney, by electronic filing this 8th day of February 2012.

Respectfully submitted,

/s/Jeffrey A. Berndt

                                          Jeffrey A. Berndt (0005172)
                                          Attorney for Defendant
                                          575 South High Street
                                          Columbus, Ohio 43215
                                          (614) 280-9300