IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | No. 2:11CR-204 |
| vs. | : | JUDGE FROST |
| | : | |
| **ROBERT B. LEDBETTER,** | : | |
| | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States submits that the probation officer has correctly calculated the advisory guideline sentencing range in the defendant's case.  There are no objections to the Pre-sentence Investigation Report.  The advisory guideline range for the defendant is 78-97 months based on an offense level 27 and a criminal history category II.

**Title 18 U.S.C. §3553(a) Factors**

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence.  Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to

   criminal conduct;
   (C) to protect the public from further crimes
   of the defendant; and
   (D) to provide the defendant with needed
   educational or vocational training, medical
   care, or other correctional treatment in the
   most effective manner;

### Nature and Circumstance of the Offense

The underlying facts of the case are, that on May 18, 2011 the DEA Columbus, learned that an organization in Mexico was arranging for the delivery of 961 Kilograms of Marijuana to the Columbus, Ohio area. The marijuana was intercepted and was actually given to an undercover agent for delivery to the intended recipient in Columbus.

On May 23, 2011 Ledbetter arrived at Meijer grocery store In Grove City, Ohio to take delivery of the 961 Kilograms of Marijuana from the Undercover Agent. The undercover agent arrived with the marijuana in a Ryder rental van. Ledbetter, using the name "James", met with the undercover agent and Ledbetter verified the number of kilograms of marijuana in the truck and then used a knife to cut into one of the Kilograms of marijuana to make sure the content was, in fact, marijuana. The undercover agent then gave the Ryder rental van keys to Ledbetter with the agreement that Ledbetter would drive the van to an undisclosed location, offload the marijuana and then return the van to the undercover agent in approximately two (2) hours.

Ledbetter drove the rental van away while being followed by the two other individuals that he had arrived with following behind in another vehicle car. After the van began driving in an erratic manner, DEA surveillance stopped both vehicles and arrested the three individuals.

**Seriousness of the Offense**

The offense of Possession with Intent to Distribute More Than 100 Kilograms of Marijuana is a very serious one. This is evident from the statutory penalties for this offense, which are a mandatory minimum five years incarceration up to forty years incarceration. 21 U.S.C. §841(b)(1)(B)(vii).

This offense specifically involved possession of 960 kilograms of marijuana. P.S.R. ¶¶ 7,8, p.1, ¶¶ 24, 25, pp. 3, 4. This corresponds with an original offense level of 30, which also demonstrates the seriousness of the offense.

Marijuana is an addictive drug that is used far too commonly in our society. The use of marijuana has a negative impact on it's users, their families and society as a whole.

**History and Characteristics of the Defendant**

The defendant asks for a variance from the guideline sentencing range. In support of this, the defendant cites to the very difficult circumstances of his upbringing. Defendant's

Sentencing Memo, Doc. #27, pp. 5-7. These factors are clearly entitled to some weight, and should be balanced against the seriousness of the offense. A sentence at the low end of the guideline range would be adequate in this case.

A sentence at the low end of the Advisory Sentencing Guideline range would reflect the seriousness of this offense, would promote respect for the law, would provide just punishment for the offense, §3553(a)(2)(A), as well as afford adequate deterrence to criminal conduct and would protect the public from further crimes of the defendant, §3553(a)(2)(A) and (B).

**<u>Conclusion</u>**

A sentence within the Advisory Guideline Range would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. It would also afford adequate deterrence to criminal conduct and would protect the public from further crimes of the defendant. The defendant would not be eligible for educational or vocational training based upon his illegal status.

In conclusion, in <u>United States v. Williams</u>, 436 F.3d 706, 708 (6th Cir. 2006)), the Sixth Circuit stated: "We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness." The United States Supreme Court recently held

that the United States Courts of Appeals may apply a presumption of reasonableness to a within-Guidelines sentence. <u>Rita v. United States</u>, 127 S. Ct. 2456, at 2467. Therefore, the United States submits that a sentence within the Advisory Guideline range would be reasonable under the rationale of <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Williams</u>, *supra* and <u>Rita v. United States</u>.

          Respectfully submitted,

          CARTER M. STEWART
          United States Attorney

          s/Timothy D. Prichard
          TIMOTHY D. PRICHARD (0059455)
          Assistant United States Attorney
          303 Marconi Boulevard,Suite 200
          Columbus, Ohio 43215

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 12h day of February, 2012, electronically on: Jeffrey A. Berndt, Attorney for Defendant Robert Ledbetter.

          s/Timothy D. Prichard
          TIMOTHY D. PRICHARD (0059455)
          Assistant United States Attorney